UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**Quintin M. Littlejohn**,                    )     **C/A No. 6:07-0221-RBH-WMC**
                                              )
                                              )
                    Petitioner,               )
                                              )
vs.                                           )     **Report and Recommendation**
                                              )
**Harold Crocker**, Director of Cherokee County )
 Detention Center,                            )
                                              )
                                              )
                    Respondent.               )
_____ )

# *Background of this Case*

The petitioner is a detainee at the Cherokee County Detention Center,

which is located in Gaffney, South Carolina.  In the petition, the petitioner

refers to a prior habeas corpus action, Littlejohn v. State of South Carolina,

*et al.*, Civil Action No. 6:06-3155-RBH-WMC, which concerns the same

matters raised in the above-captioned case.  The petitioner's Answers to the

Court's Special Interrogatories in Civil Action No. 6:06-3155-RBH-WMC

(Entry No. 5 in Civil Action No. 6:06-3155-RBH-WMC) revealed that he had

been charged with possession of crack cocaine. According to the

petitioner's Answers to the Court's Special Interrogatories (Questions 1 and

Dockets.Justia.com

2) in Civil Action No. 6:06-3155-RBH-WMC (Entry No. 5 in Civil Action No. 6:06-3155-RBH-WMC), the criminal case was pending in a municipal court and in the Court of General Sessions for Cherokee County.  The petitioner, however, indicated, in his answers to Question 3, that a trial had been held and that he had been sentenced.  The petitioner's answers to Question 5 of the petitioner's Answers to the Court's Special Interrogatories in Civil Action No. 6:06-3155-RBH-WMC (Entry No. 5 in Civil Action No. 6:06-3155-RBH-WMC) showed that his direct appeal is pending and that he has also filed a petition for habeas corpus with the trial court.

In the petition in the case at bar (Civil Action No. 6:07-0221-RBH-WMC), the petitioner reveals that he was convicted after a plea of "not guilty."  He was sentenced on October 31, 2006, in the Municipal Court for Gaffney, South Carolina.

In the Section 2241 petition in the case at bar, the petitioner refers to the grounds raised in Civil Action No. 6:06-3155-RBH-WMC and incorporates them by reference into Ground One of the petition in the above-captioned case.  For Ground Two, the petitioner writes: "Reasons held in Full Constitution And esp. Wolff -v-McDonald[.]"  For Ground Three, the petitioner writes: "Again siccing Letter From Municipal Court 10/31/06[.]"

The *pro se* petitioner is under an order of pre-filing review. *See* Graham v. Riddle, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[1] The petitioner was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. Prior to his current incarceration, the petitioner resided in Gaffney, South Carolina.[2]

---

[1]The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in Quintin Littlejohn v. William J. Clinton, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the petitioner's pleadings for docket control purposes.

[2]*See* pleadings in Quintin Littlejohn v. David Edwards Toyota; Mark Edwards; and All Agents in Active Concert, Civil Action No. 7:06-1012-RBH-WMC. This court may take judicial notice of Civil Action No. 7:06-1012-RBH-WMC. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

# *Discussion*

Under established local procedure in this judicial district, a careful review[3] has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[4]  This court is required

---

[3]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[4]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

to construe *pro se* complaints, petitions, and pleadings liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the Section 2241 petition in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to his conviction and sentence on the charge of possession of crack cocaine, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241,

which remedies can be sought only after the petitioner has exhausted his

state court remedies.  "It is the rule in this country that assertions of error in

criminal proceedings must first be raised in state court in order to form the

basis for relief in habeas.  Claims not so raised are considered defaulted."

Beard v. Green, 523 U.S. 371, 375, 140 L.Ed.2d 529, 118 S.Ct. 1352, 1998

U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)).

*See also* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410

U.S. 484, 490-491 (1973); Picard v. Connor, 404 U.S. 270 (1971);

Schandelmeier v. Cunningham, 819 F.2d 52, 53, 1986 U.S. App. LEXIS®

36955 (3rd Cir. 1986)(exhaustion required under § 2241).

Since the petitioner discloses that he has been convicted in a

municipal court, it is now readily apparent that the petitioner's claims are

claims under 28 U.S.C. § 2254, not 28 U.S.C. § 2241.  This court's

exhaustion requirements under § 2254 are fully set forth in Matthews v.

Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied,*

Matthews v. Moore, 522 U.S. 833, 139 L.Ed.2d 57, 118 S.Ct. 102, 1997

U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to
> consider alleged constitutional errors occurring in a defendant's
> state trial and sentencing, a § 2254 petitioner is required to

6

"exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .

To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.

The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

Matthews v. Evatt, 105 F.3d at 910-911 (citations omitted from quotation).

The petitioner is currently awaiting a decision on his pending direct appeal. A direct appeal in a criminal case is a remedy available under South Carolina law. State v. Ard, 332 S.C. 370, 505 S.E.2d 328, 1998 S.C. LEXIS® 136 (1998).[5] It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989). In any event, it is clear that the petitioner has not exhausted his "direct appeal" claims because the direct appeal is pending.

In order to exhaust his or her non-direct appeal claims in state court, a South Carolina petitioner must file an application for relief under the South

---

[5]Unrelated portions of the holding in State v. Ard have been superannuated by later case law.

Carolina Uniform Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160. The applicant may allege constitutional violations in a post-conviction proceeding but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428, 1998 S.C. LEXIS® 6 (1998)(*citing* S.C. Code Ann. § 17-27-20(a)(1), (b); and Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975)). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, supra, 329 S.C. at 42, 495 S.E.2d at 428. The Supreme Court of South Carolina has specifically stated: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454 (1990); and State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 2002 S.C. LEXIS® 26 (2002).[6]

---

[6]Where a habeas petitioner has failed to exhaust his or her state remedies and the state court would now find his or her claims procedurally barred, further exhaustion is not required. *See* Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 1991 U.S. LEXIS® 3640 (1991); Breard v. Pruett, 134 F.3d 615, 619, 1998 U.S.App. LEXIS® 892 (4th Cir. 1998). However, the federal court is precluded from hearing a procedurally defaulted claim unless
(continued...)

With respect to any claims of ineffective assistance of counsel,[7] the petitioner can file an application for post-conviction relief.  *See* § 17-27-10, *et seq.*, South Carolina Code of Laws, supra; Strickland v. Washington, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); and Brightman v. State, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999).  The petitioner may use the post-conviction process for a conviction entered in a municipal court or in a county magistrate's court.  Talley v. State, 2007 S.C. LEXIS® 19, 2006 WESTLAW® 3925489 (Supreme Court of South Carolina, January 22, 2007).[8]

In order to prevail on a claim of the ineffective assistance of counsel, a person in a habeas corpus or post-conviction proceeding must show: (1) counsel's representation fell below an objective standard of

---

[6](...continued)
the petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'" Matthews v. Evatt, supra, 105 F.3d at 916 (quoting Coleman v. Thompson, supra, 501 U.S. at 750).  This standard has been referred to as a "demanding burden." Townes v. Murray, 68 F.3d 840, 847, 1995 U.S.App. LEXIS® 30789 (4th Cir. 1995).

[7]The petitioner incorporates by reference the grounds that he raised in Civil Action No. 6:06-3155-RBH-WMC.  Ineffective assistance of counsel was a ground raised in Civil Action No. 6:06-3155-RBH-WMC.

[8]It is not clear why the WESTLAW® service has given Talley, which was decided on January 22, 2007, a "2006" WESTLAW® citation.

reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, supra, 466 at 687-694. The second prong of the Strickland test is often called the "prejudice" component. *See also* Williams v. Taylor, 529 U.S. 362, 146 L.E.2d 389, 120 S.Ct. 1495, 2000 U.S. LEXIS® 2837 (2000).

A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in Strickland v. Washington, supra, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. *See* Hoots v. Allsbrook, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986)("old" § 2254(d) standard); Williams v. Taylor, supra (standard under Anti-Terrorism and Effective Death Penalty Act); and James v. Harrison, 389 F.3d 450, 452-457, 2004 U.S.App. LEXIS® 23962 (4th Cir. 2004)(applying Williams v. Taylor standard), *cert. denied*, 544 U.S. 1005, 161 L.Ed.2d 782, 125 S.Ct. 1945, 2005 U.S. LEXIS® 3626 (2005). Hence, if the petitioner intends to raise any

claims relating to ineffective assistance of counsel, findings of fact by a South Carolina court are necessary before the petitioner can seek federal review of his conviction in a § 2254 proceeding.

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). In fact, if a Court of Common Pleas denies an application for post-conviction relief or dismisses the application for post-conviction relief, the applicant *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. *See* Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).[9] South Carolina prisoners have been successful on such

---

[9]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the
(continued...)

appeals in their post-conviction cases. *See*, *e.g.*, Morris v. State, 2006 S.C.

LEXIS® 392, 2006 WESTLAW® 3591297 (Supreme Court of South

Carolina, December 11, 2006)(ineffective assistance of counsel); Riddle v.

Ozmint, 369 S.C. 39, 631 S.E.2d 70, 2006 S.C. LEXIS® 177 (2006);

Stevens v. State, 365 S.C. 309, 617 S.E.2d 366, 2005 S.C. LEXIS®

221(2005); and Vaughn v. State, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004

S.C. LEXIS® 296 (2004).

The United States Court of Appeals for the Fourth Circuit has held that

South Carolina's Uniform Post-Conviction Procedure Act is a viable state-

court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977),

*cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168,

1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

The petitioner should be mindful that the General Assembly has

enacted limitations periods for post-conviction cases. *See* 1995 S.C. Acts

7, which has been codified at Section 17-27-45, South Carolina Code of

Laws; Sutton v. State, 361 S.C. 644, 606 S.E.2d 779, 2004 S.C. LEXIS®

285 (2004); and Peloquin v. State, 321 S.C. 468, 469-470, 409 S.E.2d 606,

---

(...continued)
Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearhouse Advanced Sheet # 19.

607, 1996 S.C. LEXIS® 57 (1996).  *Cf.* <u>Leamon v. State</u>, 363 S.C. 432, 611

S.E.2d 494, 2005 S.C. LEXIS® 97 (2005)(prisoner's incarceration in another

jurisdiction does not toll limitations period of § 17-27-45); and <u>Green v.

State</u>, 353 S.C. 29, 30, 576 S.E.2d 182, 183, 2003 S.C. LEXIS® 19

(2003)(the filing of a federal § 2254 petition does not toll the one-year

limitations period of § 17-27-45, South Carolina Code of Laws).[10]

Since the petitioner has yet to exhaust at least three (3) viable state

court remedies — his pending direct appeal, an application for post-

conviction relief, and, if necessary, an appeal in the post-conviction case,

this court should not keep this case on its docket while the petitioner is

exhausting his state court remedies.  *See* <u>Galloway v. Stephenson</u>, 510

F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not

been exhausted, absent special circumstances, a federal habeas court may

not retain the case on its docket, pending exhaustion, but should dismiss

the petition."  *See also* <u>Pitchess v. Davis</u>, 421 U.S. 482, 490 (1975); and

<u>Lawson v. Dixon</u>, 3 F.3d 743, 749 n. 4, 1993 U.S.App. LEXIS® 21646 (4th

Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208,

---

[10]In any event, the filing of a federal habeas petition does not toll the limitations period for filing a timely petition under 28 U.S.C. § 2254.  <u>Duncan v. Walker</u>, 533 U.S. 167, 150 L.Ed.2d 251, 121 S.Ct. 2120, 2001 U.S. LEXIS® 4493 (2001).

1994 U.S. LEXIS® 1917 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

# *Recommendation*

Accordingly, it is recommended that the above-captioned habeas corpus action be dismissed *without prejudice* and *without requiring the respondent to file a return* because the petitioner has not exhausted his state court remedies. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may

enter an order for the summary dismissal of a habeas petition if it plainly

appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and

Effective Death Penalty Act of 1996.   The petitioner's attention is directed

to the important Notice on the next page.


January 25, 2007                    s/William M. Catoe
Greenville, South Carolina          United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

## Larry W. Propes, Clerk
## United States District Court
## Post Office Box 10768
## Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).